# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, etc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 10-0498-WS-N ) |
| THE INN AT DAUPHIN ISLAND, L.L.C., etc., et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motions of three defendants to dismiss the first amended complaint on the sole ground that subject matter jurisdiction is lacking. (Docs. 33, 35, 36). The parties have filed briefs and/or evidentiary materials in support of their respective positions, (Docs. 9, 11, 19, 21, 22, 25-29, 37, 38, 41, 49), and the motions are ripe for resolution.[1]

The plaintiff brought this action in federal court based on diversity of citizenship. The first amended complaint alleges that the plaintiff is a North Carolina corporation with its principal place of business also in North Carolina. (Doc. 31, ¶ 2). It alleges that the entity defendant is a limited liability company and that its only members are the individual defendants. (*Id*., ¶ 3). It also alleges that the individual defendants are all citizens of Alabama, which renders the LLC likewise a citizen of Alabama. (*Id*., ¶¶ 4-6).[2]

---

[1] The defendants' motions to dismiss the original complaint, (Docs. 9, 11, 15, 21), which was superseded by the first amended complaint, are **denied as moot**.

[2] *E.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C*., 374 F.3d 1020, 1022 (11th Cir. 2004).

This is a perfectly satisfactory pleading of complete diversity. Nevertheless, the defendants gamely attempt to conjure a jurisdictional infirmity.

The first amended complaint alleges that the defendant Inn at Dauphin Island, L.L.C. ("the Inn") executed a series of promissory notes in favor of non-party Colonial Bank, N.A. ("Colonial"), with the current, consolidated iteration of the Inn's obligation reflected in Exhibit 19. (Doc., 31, ¶¶ 8, 13-18, 20, 24). The individual defendants executed unlimited guaranties in favor of Colonial and later executed acknowledgments of same. (*Id*., ¶¶ 10-12, 23, 25). To further secure the loans, the Inn executed in favor of Colonial a mortgage, a mortgage modification agreement, and an assignment of contracts, leases, rents and profits. (*Id*., ¶¶ 9, 21, 22).

The plaintiff is alleged to be the "successor in interest to Colonial Bank, N.A. by asset acquisition from the FDIC as receiver for Colonial Bank, N.A. and the owner and holder of" the documents referenced above. (Doc. 31, ¶ 26).

The Inn allegedly defaulted under the note on or about November 14, 2009. (Doc. 31, ¶ 27). The plaintiff seeks recovery from the Inn under the note and from the individual defendants on their guaranties. (*Id*. at 6-10). The amount in controversy exceeds $2.5 million. (*Id*., ¶ 29).

The Inn, despite its sketchy briefing, takes the lead. It first complains that "[t]here is no document submitted which reflects assignment of all of Colonial Bank's interest [in the note and other loan documents] to the Plaintiff." (Doc. 9 at 1). It continues that, "for aught that appears of record, Colonial Bank remains the holder of the subject notes/mortgage, or maintains an interest therein," and it concludes that, to the extent Colonial retains an interest, it is a necessary party defeating complete diversity. (*Id*. at 1-2).

The threshold problem with the Inn's position is that it does not actually implicate subject matter jurisdiction. Even in the exceedingly unlikely event that Colonial remained the holder of the relevant documents, that would not change the parties' citizenship, it would simply prevent the plaintiff from successfully suing on those

documents. Such a circumstance might furnish grounds for a motion for summary judgment or a motion to dismiss for failure to state a claim (could the Inn establish Colonial's status from the pleadings alone), but it would not defeat complete diversity.

Invoking archaic "necessary party" language does not change this. Rule 19(a) describes persons "required to be joined if feasible," and Rule 19(b) addresses how to proceed if such a person "cannot be joined," including "because of limitations on … subject matter jurisdiction." Fed. R. Civ. P. 19 advisory committee note 1966 amendment; *accord Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1280 (11th Cir. 2003). Thus, even were Colonial a person required to be joined if feasible, subject matter jurisdiction would still exist, and the only question would be whether the case should continue in Colonial's absence.

At any rate, the Inn has not even cited Rule 19, much less applied it. Because the Inn bears "the initial burden of demonstrating that a missing party is necessary," *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009),[3] its silence is fatal to its position. At a minimum, the asserted claim of the absent party must be at least "colorable," *Jonesfilm v. Liongate International*, 299 F.3d 134, 140 (2nd Cir. 2002), and it patently is not colorable that a bank placed in receivership and with its assets transferred by the FDIC – as routinely occurs in such situations – nevertheless retains those assets.

At a factual level, the Inn is simply wrong to suggest there is no evidence that Colonial's former interest in the loan documents is now held by the plaintiff. There is in the record an "Assignment of Security Instruments and Other Loan Documents" from the FDIC to the plaintiff, which transfers to the plaintiff "all of Assignor's rights, title and interests in and to the promissory notes, loan documents and all other indebtedness secured by the Security Instruments," which are defined to include "all those certain Mortgages, Security Deeds, Deed to Secure Debt, Deeds of Trust, Assignments of Rents

---

[3] *Accord American General Life & Accident Insurance Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005); *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999).

and Leases, … and all such other instruments and security agreements securing loans owned by Colonial Bank held of record by Colonial Bank or any of its predecessors as of August 14, 2009." (Doc. 22, Exhibit A at 1). As is obvious from this description, this transaction effected "the bulk assignment of Colonial Bank's entire loan portfolio existing as of August 14, 2009." (Doc. 22, Justiss Affidavit, ¶ 4).

The Inn does not, cannot dispute this evidence. Instead, it suggests weakly that the plaintiff must prove "that the subject promissory note was possessed by Colonial Bank as of August 14, 2009" so as to be swept within the FDIC assignment. (Doc. 25 at 1-2). Of course, the Inn has no evidence that Colonial did not possess the note as of August 14, 2009 and no reason to believe Colonial might not have possessed the note on that date. And, as noted above, even if Colonial did not possess the loan instruments on August 14, 2009, that would mean only that the plaintiff did not receive assignment of them and that the FDIC or some unknown third party, rather than the plaintiff or Colonial, has the right to sue on them. Such a state of affairs might defeat the plaintiff's right to recover, but it would not impact the existence of subject matter jurisdiction.

The same can be said of the Inn's belated argument, raised for the first time in reply, that the plaintiff must submit the original documents in order to show that it "holds" or "possesses" them. (Doc. 25 at 3). The Inn says that, without such a showing, Colonial remains the holder and the plaintiff "is unable to assert a claim for payment in this case." (*Id*. (internal quotes omitted)). Precisely. The plaintiff's claim would in that event fail, but subject matter jurisdiction would not.

The Inn next accuses the plaintiff of neglecting to prove that the assignment of Colonial's interest was not made improperly or collusively in order to invoke federal jurisdiction, in violation of 28 U.S.C. § 1359. (Doc. 9 at 2-3). The Inn has not the slightest shred, not the merest shadow, of evidence that the assignment was collusive. Instead, the Inn assumes the plaintiff bears some universal, automatically triggered obligation to prove the negative. On the contrary, "[t]he language of § 1359 does not provide for applying a presumption of collusion in determining whether diversity

jurisdiction was manufactured in violation of the statute." *Ambrosia Coal & Construction Co. v. Pages Morales*, 482 F.3d 1309, 1314 (11th Cir. 2007). While a very few factual situations may give rise to such a presumption and require explanation, *id*. at 1314-16, the Inn has no evidence that any of them exist here. Indeed, it would be difficult to imagine a situation less likely to implicate collusive assignment than a bulk assignment from the FDIC as receiver.

Defendant Bell merely repeats the Inn's arguments, essentially verbatim, adding nothing new to be considered by the Court. (Docs. 11, 27). Defendant Smith, however, offers the additional argument that it is not enough for the complaint to allege the plaintiff's principal place of business as North Carolina. Smith asserts that the actual location of the principal place of business is drawn into question because: (1) a lot of banking is now done by "telecommuting and internet banking"; and (2) "Colonial Bank's former corporate headquarters now publicly displays that it is the home of the Plaintiff (BB&T)." (Doc. 21 at 2; Doc. 29 at 2).

The defendants requested the opportunity to take jurisdiction-related discovery before the Court's ruling on their motions to dismiss. (Doc. 25 at 2-3; Doc. 29 at 2; Doc. 39 at 1-2). The Magistrate Judge provided them the opportunity to do so. (Doc. 42). Even so, Smith offers not one particle of evidence to suggest that the plaintiff's principal place of business is not in North Carolina (or, more to the point, that it is in Alabama). Smith does not even offer evidence to back up its allegation in brief that Colonial's former headquarters advertises itself as the home of the plaintiff.[4] Indeed, the only record evidence of the plaintiff's principal place of business is the affidavit of the plaintiff's vice-president that corporate headquarters are in North Carolina and that this constitutes the center of direction and control for the plaintiff. (Doc. 28, Exhibit 2). This evidence

---

[4] It would hardly be surprising for a building formerly occupied by Colonial to now display signage identifying the occupant as the plaintiff, but that would scarcely be evidence that the building is the plaintiff's principal place of business.

perfectly fits the "nerve center" approach recently endorsed by the Supreme Court. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010) (the nerve center is "where a corporation's officers direct, control and coordinate the corporation's activities").[5] On this record, there is not the dimmest possibility that the plaintiff is an Alabama citizen.

When properly challenged, a plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *E.g., Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003); *accord McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Assuming without deciding that the defendants have properly challenged the existence of subject matter jurisdiction, the preponderance of the evidence, presented after a full opportunity for jurisdictional discovery, establishes that the defendants are all citizens of Alabama and that the plaintiff is not. Subject matter jurisdiction patently exists.

For the reasons set forth above, the motions to dismiss the first amended complaint are **denied**.[6]

DONE and ORDERED this 13th day of April, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Not that it matters, but all known recent federal cases to note the plaintiff's principal place of business have located it in North Carolina. *See Branch Banking & Trust Co. v. Gulf Island Development, L.L.C.*, 2010 WL 3548462 at *1 (S.D. Ala. 2010); *Intec USA, LLC v. Advanced Food Systems, B.V.*, 2009 WL 801812 at *1 (M.D.N.C. 2009); *Justice v. Branch Banking & Trust Co.*, 2009 WL 853993 at *1 (S.D.W. Va. 2009); *Scott v. Branch Banking & Trust Co.*, 2008 WL 4279598 at *1) (E.D. Va. 2008); *Cole Shows Amusement Co. v. Branch Banking & Trust Co.*, 2007 WL 1545885 at *1 n.1 (W.D. Va. 2007).

[6] Also pending is the plaintiff's motion to substitute Exhibit 19 to its first amended complaint, so as to include the final page of that exhibit. (Doc. 48). The individual defendants do not oppose the motion, but the Inn views it as a trick to rescue the complaint from dismissal on jurisdictional grounds. (Docs. 51, 52). The Inn merely recycles the baseless arguments addressed in text. Therefore, and because leave to amend is to be freely granted, Fed. R. Civ. P. 15(a)(2), the motion is **granted**. The plaintiff is **ordered** to file and serve, on or before **April 20, 2011**, a complete, entire, second amended complaint.