IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRANCH BANKING AND TRUST COMPANY, etc.,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 10-0498-WS-N ) |
| **THE INN AT DAUPHIN ISLAND, L.L.C., etc., et al.,** | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for summary judgment. (Doc. 115). The parties have filed briefs in support of their respective positions, (Docs. 115, 127, 128), and the plaintiff has filed evidentiary materials. (Doc. 115). After carefully considering the foregoing, the Court concludes that the motion for summary judgment is due to be granted.

**BACKGROUND**

According to the second amended complaint, (Doc. 55), defendant The Inn at Dauphin Island, LLC ("The Inn") borrowed over $2 million from Colonial Bank, N.A. ("Colonial"), the plaintiff's predecessor in interest and provided a promissory note in a like amount. Two additional notes and loans followed, all of which were ultimately consolidated and renewed. The three individual defendants executed continuing guaranties of The Inn's indebtedness. Defendant Hunter has settled with the plaintiff, defendant Bell is in bankruptcy, and the action continues against defendant Smith. Count One is brought against The Inn for breach of the promissory note, while Count Three is brought against Smith for breach of guaranty.

[1]

**DISCUSSION**

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick* , 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine

issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[1] Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited. Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

Because Federal Rule of Civil Procedure 56(a) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004). The quoted statement constitutes a holding. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008). This rule

---

[1] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").

does not allow a district court to enter summary judgment in favor of the plaintiff merely because the defendants have not opposed the motion for summary judgment. On the other hand, the Court's review when a defendant does not respond to a motion for summary judgment is less searching than when he does respond. "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. [citation omitted] At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *One Piece of Real Property*, 363 F.3d at 1101. Because The Inn and Smith ignore the entirety of the plaintiff's presentation, offer no evidence of their own, and make only a single, narrowly focused argument in opposition to the instant motion, this rule applies except with respect to that narrow argument.

The operative note is the March 14, 2008 renewal note ("the Note"). (Doc. 115, Justiss Affidavit, Exhibit B). The Note provides that it "shall be governed and construed in accordance with the laws of the State of Alabama without regard to principles of conflict of laws." (*Id*. at 2, ¶ 10). Smith's guaranty ("the Guaranty") contains no similar provision, but Smith has admitted he is a resident of Baldwin County, Alabama, (Doc. 57 at 1, ¶ 5), and his March 14, 2008 acknowledgement of his continuing guaranty agreement confirms that it was executed in Alabama. (Doc. 115, Justiss Affidavit, Exhibit C at 2). Absent a contractual designation, Alabama law calls for application of the law of the state in which the contract was made,[2] and the record reflects that the Guaranty was made in Alabama by Smith's execution of it. Since the plaintiff plausibly asserts that Alabama law governs the Note and Guaranty, (Doc. 115 at 8), and since Smith does not challenge this proposition, the Court accepts it.

---

[2] *Cherry v. Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991). "[A] federal court sitting in diversity will apply the choice of law rules for the state in which it sits." *Manuel v. Convergys Corp*., 430 F.3d 1132, 1139 (11th Cir. 2005).

### A. Breach of Contract.

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Financial Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (internal quotes omitted).  The uncontroverted evidence shows the existence of a contract between the lender and The Inn; the lender's performance under the contract by lending The Inn certain sums; The Inn's non-performance by failing to repay the borrowed sums and other amounts within the time and other terms set forth in the contract; and resulting damage to the plaintiff from this non-payment.

As noted, the defendants contest none of the foregoing.  Instead, they argue that the plaintiff – which is not the original lender but which received the Note and certain other assets of Colonial through a purchase and assumption agreement with the FDIC after Colonial was placed in receivership – cannot enforce the Note (nor, derivatively, the Guaranty) because it is not a "holder" of the Note under Alabama's version of the UCC.  (Doc. 127 at 1-2).  It may well be that the plaintiff is not a holder because the FDIC's indorsement is neither written on the Note itself nor affixed to the Note.  *See* Ala. Code §§ 7-3-201(a), - 201(b), -204(a).[3]  But this is immaterial since, as discussed below, the plaintiff is entitled to enforce the Note as a non-holder transferee.

---

[3] The plaintiff admits that the FDIC's allonge effects a negotiation under Section 7-3-201, so as to constitute the plaintiff a holder, only if the allonge is affixed to the Note. (Doc. 115 at 16, 22).  The plaintiff, however, offers no evidence that the allonge is even currently affixed to the Note, much less that it was so affixed when the complaint was filed in September 2010 (which the defendants, without objection from the plaintiff, identify as the relevant time).  The plaintiff's suggestion, (*id.* at 23), that the version of the Note made an electronic exhibit to the original and first amended complaints did not include the allonge because "[t]he format of electronic filing occasionally results in errors in copying or inclusion" is inadequate because it fails to assert that any such error in fact occurred in this case and because a representation in brief is not evidence.  A simple affidavit that the allonge was affixed to the Note at the relevant time would have sufficed, but the plaintiff presents none.

"An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." Ala. Code § 7-3-203(a). "'Delivery,' with respect to an instrument …, means voluntary transfer of possession." *Id*. § 7-1-201(15). "Transfer of an instrument … vests in the transferee any right of the transferor to enforce the instrument," excepting only the rights of a holder in due course under certain circumstances. *Id*. § 7-3-203(b). A person entitled to enforce an instrument includes both a holder and "a nonholder in possession of the instrument who has the rights of a holder." *Id*. § 7-3-301.

The plaintiff claims that the FDIC was the holder of the Note before the plaintiff received it, (Doc. 115 at 12, 15), but offers no evidence that Colonial negotiated the Note to the FDIC by indorsement as required by Section 7-3-201. Instead, the plaintiff presents uncontroverted evidence that the state superintendent of banks appointed the FDIC as receiver and points to an Alabama statute providing that, "[u]pon the appointment of a receiver to liquidate a bank, the possession of and title to all assets, business and property of such bank of every kind and nature shall pass to and vest in the receiver without the execution of any instruments of conveyance, assignment, transfer or endorsement." Ala. Code § 5-8A-25. Pursuant to this statute, possession of and title to the Note passed to the FDIC, but absent compliance with Section 7-3-201 it is not clear that the FDIC could thereby become the holder of the Note.[4]

Nor is it clear that the FDIC is a transferee of the Note within the contemplation of Section 7-3-203(a), since the Court has been pointed to no evidence that Colonial voluntarily transferred possession of the Note to the FDIC. However, having received possession of and title to the Note pursuant to Section 5-8A-25, the FDIC necessarily succeeded to Colonial's statutory right, as a holder, to enforce the Note under Section 7-

---

[4] The plaintiff asserts without explanation that Section 5-8A-25 is more specific than Section 7-3-201 and therefore creates an "exception" to the latter statute under rules of statutory construction. (Doc. 115 at 13). The argument is presented too superficially to allow its consideration.

3-301. The question becomes whether the FDIC transferred this right to enforce the Note to the plaintiff.

The evidence is uncontroverted that the FDIC voluntarily transferred possession of the Note to the plaintiff and that it did so for the purpose of giving the plaintiff the right to enforce the Note. The FDIC therefore transferred the Note to the plaintiff under Section 7-3-203(a) and, under Section 7-3-203(b), that transfer vested in the plaintiff the FDIC's proven right to enforce the Note.

In its principal brief, the plaintiff explained why it is entitled to enforce the Note as a transferee even if it is not a holder. (Doc. 115 at 20-22). The defendants' brief in opposition nevertheless completely ignored the issue. For the reasons stated above, the Court concludes that the plaintiff's position is correct and that the defendants' sole argument against summary judgment is therefore immaterial.

### B. Breach of Guaranty.

"Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Delro Industries, Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987). The uncontroverted evidence shows the existence of the Guaranty; The Inn's default on the underlying contract; and non-payment by Smith. The uncontroverted evidence thus establishes all elements of the plaintiff's claim against Smith, who offers no argument to the contrary.[5]

---

[5] The Guaranty is by its terms continuing. "[T]o recover under a …continuing guaranty, an additional element, notice to the guarantor of the debtor's default, must be proved." *Delro Industries*, 514 So. 2d at 979. However, "[t]he language of the guaranty is controlling in determining whether the holder of the guaranty is under a duty to notify the guarantor of a default by the principal, and notice need not be given when the terms of the guaranty expressly dispense with the need for it." *Sharer v. Bend Millwork Systems, Inc*., 600 So. 2d 223, 226 (Ala. 1992) (applying the rule to a continuing guaranty). The Guaranty expressly dispenses with the need for notice of The Inn's default. (Doc. 115, Exhibit C at 1). The plaintiff thus was not required to prove such notice.

### C. Damages.

The uncontroverted evidence establishes that, as of April 20, 2012, after accounting for the settlement with Hunter, the amount due under the Note was $2,614,505.52 and that, beginning on that date, interest accrues at the rate of $388.99 per day. The defendants offer no argument to the contrary.

The Note provides for recovery of reasonable attorneys' fees actually incurred and expenses of legal counsel arising from or relating to enforcement of the Note and any related guaranty. (Doc. 115, Exhibit B at 2, ¶ 9). The Guaranty guarantees payment of all debts, obligations and liabilities of every kind and description arising out of credit extended to The Inn by Colonial, which necessarily encompasses the fees and expenses provided for in the Note. The Guaranty also provides for payment of the costs incurred to enforce the Guaranty, including reasonable attorney's fees. (*Id.*, Exhibit C at 1). The defendants offer no argument to the contrary.

The uncontroverted evidence establishes that the plaintiff actually incurred reasonable attorneys' fees of $38,265.88 and actually incurred reasonable expenses of $2,151.68, none of which was offset by the plaintiff's settlement with Hunter. The defendants offer no argument to the contrary.

### CONCLUSION

For the reasons set forth above, the plaintiff's motion for summary judgment is **granted**. The plaintiff is entitled to judgment on this date against The Inn and Smith in the amount of $2,681,374.40. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 26th day of June, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE